UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRELL A. RICHARDSON,

    Plaintiff,                                CIVIL ACTION NO. 13-11769

   v.

                                        DISTRICT JUDGE BERNARD FRIEDMAN
                                        MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

IT IS RECOMMENDED that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

### II.  REPORT

#### A.  Introduction and Procedural Background

Plaintiff filed an application for Social Security Supplemental Security Income benefits on February 8, 2010[1], alleging that he had been disabled and unable to work since

---

[1] Plaintiff filed an earlier application for SSI benefits in May 2007, which was denied by the SSA following an administrative hearing on January 20, 2010.  The claimant did not appeal this determination (TR 13).

May 1, 2007, at age 18, due to a history of below the left knee amputation, anxiety and mental depression. Benefits were denied by the Social Security Administration(SSA). A requested de novo hearing was held on September 13, 2011, before Administrative Law Judge (ALJ) Andrew Sloss. The ALJ subsequently found that the claimant was not entitled to disability benefits because he retained the ability to perform a limited range of sedentary work providing a sit-stand option. The Law Judge found that Plaintiff was restricted to unskilled work where he would not be off task for more than 10 percent of the time. The Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 23 years old at the time of the administrative hearing (TR 26). He had been graduated from high school, and had been employed as a fast food worker (TR 18). This past work was classified as light and unskilled (TR 18, 35). Plaintiff sustained a gunshot wound to his left ankle in April 2007. The claimant's left leg was amputated below the knee. He tolerated that procedure well, and developed no post surgery complications (TR 15).

Plaintiff testified that he was disabled due to an inability to walk or stand for prolonged periods (TR 27-28). He asserted that he suffered phantom stump pain below his left knee, and that the pain interfered with his ability to sleep more than a few hours each night (TR 29, 32). Claimant added that he experienced auditory hallucinations (TR 30-31),

and that mental depression had caused him to become anti-social (TR 28). Other problems that prevented him from returning to work included a poor memory and a skin condition that caused frequent sores (TR 29).

A Vocational Expert, Timothy Shaner, classified Plaintiff's past work as light, unskilled activity (TR 35). The witness testified that there would not be any jobs for claimant to perform if his testimony were fully accepted[2] (TR 36). If he were capable of sedentary work, however, there were numerous unskilled packaging, inspection and bench assembly jobs that he could still perform with minimal vocational adjustment (TR 36). These simple jobs allowed a sit-stand option, and did not expose workers to being off task for more than ten percent of the work period (TR 35).

**B.  ALJ Findings**

The Administrative Law Judge found that Plaintiff was impaired as a result of a history of below the left knee amputation, depression and anxiety, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's multiple impairments prevented him from working at jobs requiring him to sit or stand for prolonged periods, and from work that involved being off task for more than ten percent of the work period. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant

---

[2] The witness testified that claimant's alleged need to take frequent days off every month would preclude all work activity (TR 36).

number of sedentary jobs, within those limitations, as identified by the Vocational Expert (TR 15-19).

### C.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989);  Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of sedentary work activity. He also argues that the ALJ improperly evaluated his credibility, and did not take into consideration all of his functional limitations. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of his various impairments.

### **D. Discussion and Analysis**

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work providing a sit-stand option. Contrary to Plaintiff's assertion, the Law Judge properly complied with the Sixth Circuit ruling in Drummond v. Commissioner, 126 F.3d 837 (6th Cir. 1997). The Drummond court held that "when the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by his determination absent changed circumstances." Id. at 842. In the instant case, ALJ Sloss expressly stated that he was bound by the findings of the previous ALJ decision since there were no new and additional evidence or changed circumstances that would have provided a basis for a different finding (TR 17).

The medical record submitted with the present application contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to phantom left leg pain or emotional difficulties. After a revision to Plaintiff's amputation site in

December 2009, Dr. Casey reported in February 2010, that Plaintiff's stump was well-healed, and that there was "excellent" padding for his tibia and fibula (TR 163, 166-67). By April 2010, Plaintiff felt "increased support and decreased pressure in the prosthesis, and was ambulating with no signs of gait deviation" (TR 180). Regarding Plaintiff's mental condition, the ALJ correctly noted that Plaintiff's depression and anxiety were stable on medication, and that he had no history of psychiatric hospitalizations (TR 16, 58, 194-201).

The ALJ reasonably accommodated Plaintiff's left leg discomfort by finding that he needed a sit-stand option within employer tolerances. In addition, the ALJ restricted him from jobs requiring that he be off task for more than ten percent of the time (TR 17, 35). The ALJ also took into consideration claimant's mental difficulties by limiting him to simple, routine tasks performed in a work environment generally considered to be non- stressful.

It is the rare case, indeed the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled packaging, inspection and bench assembly jobs that he could still perform with minimal vocational adjustment (TR 35-36). These simple jobs allowed a sit-stand option, and did not expose workers to being off task for more than ten percent of the time (TR 36). Given the objective clinical findings of the examining physicians of record since the previous application for SSI benefits, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

### E.  Conclusions

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

**III.  REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/ Charles E Binder
                                                    CHARLES E. BINDER
Dated: July 14, 2014                        United States Magistrate Judge